# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL EUGENE SAMPO, <br><br> Defendant. | Case No. 3:17-cr-00143-SLG |

## ORDER REGARDING *PRO SE* 28 U.S.C. § 2255 CLAIMS

Before the Court at Docket 66 is Defendant Michael Eugene Sampo's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. At Docket 85 is Mr. Sampo's amended motion to vacate. Mr. Sampo filed a memorandum in support of the amended motion at Docket 88. The government opposed the amended motion at Docket 102 and filed a memorandum in support of its opposition at Docket 103. Mr. Sampo filed a reply at Docket 124. Mr. Sampo raises five claims; Claim 1 is certified by counsel, but Claims 2, 3, 4, and 5 are raised *pro se*.[1] This order addresses the *pro se* claims.

The Court finds that an evidentiary hearing is not necessary as to the *pro se* claims because they are purely questions of law and "the files and records of

---

[1] Docket 85 at 2.

the case conclusively show that the prisoner is entitled to no relief."[2] Having considered each parties' filings as to the claims, the Court now makes the following conclusions of law.

## BACKGROUND

In September 2017, Mr. Sampo approached a woman in the parking lot of a restaurant and demanded her car keys and purse. When the woman did not comply, Mr. Sampo fired a stolen .45-caliber handgun once into the ground. The woman then surrendered her car and purse, and Mr. Sampo fled in her car. When police tried to pull over the car, Mr. Sampo eluded them by driving recklessly, which caused the police to intentionally hit the car Mr. Sampo was driving in order to make him stop. Mr. Sampo exited the car, pulled out a handgun, and fled on foot. Mr. Sampo was arrested after a police dog located him.[3] Mr. Sampo was charged with Carjacking; Using, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence (a § 924(c) crime); and Felon in Possession of Firearm and Ammunition.[4]

At all relevant times, Mr. Sampo was represented by attorney David Nesbett. In February 2018, the parties filed a plea agreement in which Mr. Sampo agreed to plead guilty to Carjacking and Discharging a Firearm in relation

---

[2] 28 U.S.C. § 2255(b).

[3] Docket 50 at 2, 9; Docket 39 at 4–5.

[4] Docket 20.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 2 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 2 of 14

to the Carjacking (§ 924(c)).[5]  On February 12, 2018, Mr. Sampo appeared in court with his attorney and entered guilty pleas to those counts.[6]  On June 27, 2018, the Court sentenced Mr. Sampo to a term of imprisonment of two years on Count 1 and ten years on Count 2, to be served consecutively.[7]

In March 2019, Mr. Sampo filed a *pro se* 28 U.S.C. § 2255 motion.[8]  In September 2019, Mr. Sampo, with representation of counsel, filed the amended § 2255 motion.[9]  The amended motion asserts four *pro se* grounds for relief:

- The § 924(c) firearm conviction should be vacated based on *United States v. Davis*, because federal carjacking can be accomplished without the use of physical force.

- The § 924(c) firearm conviction should be vacated based on *Rehaif v. United States* because of the charged mental state.

- Trial counsel provided ineffective assistance by failing to argue that the federal carjacking statute does not require an element of force.

- Mr. Sampo's conduct violated both Alaska and federal law, and he should have been prosecuted in Alaska state court because no case for federal prosecution was made.

---

[5] Docket 39.

[6] Docket 42 (minute entry); Docket 75 (transcript of change of plea hearing).

[7] Docket 64 (Judgment).

[8] Docket 66.

[9] The government does not contest that Mr. Sampo's motion was timely filed.  Docket 471-1 at 2, n.1.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 3 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 3 of 14

## LEGAL STANDARD

The Court construes Claims 2, 3, and 5 as claims "that the sentence was imposed in violation of the . . . laws of the United States."[10] In order to succeed on Claims 2, 3, and 5, Mr. Sampo must show an error of constitutional magnitude that had a substantial and injurious effect or influence on his guilty plea.[11] The error must be "a fundamental defect which inherently results in a complete miscarriage of justice."[12]

In order to succeed on Claim 4 (an ineffective assistance of counsel claim), Mr. Sampo must satisfy the two-pronged test set forth in *Strickland v. Washington*, which requires him to show both deficient performance of counsel and resulting prejudice.[13] Deficient performance requires a showing that trial counsel's representation "fell below an objective standard of reasonableness" as measured by prevailing professional norms.[14] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[15] To establish prejudice, a defendant must show a reasonable

---

[10] 28 U.S.C. § 2255(a). Mr. Sampo's *pro se* claims are not the model of clarity, but the Court has tried to ascertain and liberally construe Mr. Sampo's assertions in each claim.

[11] *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). *See also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) (applying *Brecht* standard to § 2255 cases).

[12] *Davis v. United States*, 417 U.S. 333, 346 (1974).

[13] 466 U.S. 668, 687 (1984).

[14] *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

[15] *Strickland*, 466 U.S. at 689.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 4 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 4 of 14

probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different."[16] Failure to meet either prong is fatal to a defendant's claim.[17] Mr. Sampo carries the burden of proving he is entitled to relief.[18]

## DISCUSSION

As a preliminary matter, the Court notes that Mr. Sampo's plea agreement includes a provision waiving his right to challenge his convictions and sentence in a § 2255 motion, with the exception of ineffective assistance of counsel or voluntariness of the plea claims.[19] Three of Mr. Sampo's *pro se* claims—Claims 2, 3, and 5—do not appear to fall within either exception. Accordingly, Mr. Sampo may have waived his right to raise these claims. However, the government has not raised waiver as a defense to Claims 2, 3, or 5. Moreover, if Mr. Sampo prevails on Claim 1, he may be able to raise Claims 2, 3, and 5 in a delayed direct

---

[16] *Id.* at 694.

[17] *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) ("Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" (quoting *Strickland*, 466 U.S. at 697)).

[18] *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

[19] Docket 39 at 13 ("The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence . . . the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel—based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s)."). If Mr. Sampo is successful in Claim 1, it could raise an issue of the voluntariness of his plea. Accordingly, the Court elects to address Mr. Sampo's claims on their merits.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 5 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 5 of 14

appeal. Accordingly, the Court assumes without deciding, and only for the purposes of addressing Claims 2, 3, 4, and 5, that these claims were not waived and addresses these claims on the merits as follows.[20]

**Claim 2:** *United States v. Davis* **provides no grounds for vacating the § 924(c) conviction because federal carjacking is a crime of violence pursuant to the force clause of § 924(c).**

Mr. Sampo asserts that 18 U.S.C. § 924(c) is unconstitutional after *United States v. Davis*.[21] Section 924(c) authorizes heightened penalties for using or carrying a firearm during and in relation to a "crime of violence."[22] Section 924(c) defines the term "crime of violence" in two ways—the first is known as the force (or elements) clause, and the second is known as the residual clause.[23] In *Davis*, the Supreme Court held that the *residual* clause was unconstitutionally vague.[24] However, *Davis* is inapplicable here because carjacking—the crime underlying Mr. Sampo's § 924(c) conviction—is a crime of violence under the *force* clause. In *United States v. Gutierrez*, the Ninth Circuit held "that carjacking constitutes a

---

[20] *See United States v. Walter*, Case No. 2:14-cr-0210-JAM-CKD, 2019 WL 1924986, at *2 (E.D. Cal. Apr. 30, 2019) (magistrate judge's report finding that for the purposes of analyzing § 2255 motion, it would assume without deciding that the defendant had not waived his right to challenge his sentence on the grounds raised in the § 2255 motion).

[21] Docket 88 at 9 (citing *United States v. Davis*, 139 S. Ct. 2319 (2019)).

[22] *Davis*, 139 S. Ct. at 2324 (quoting 18 U.S.C. § 924(c)(1)(A)).

[23] 18 U.S.C. § 924(c)(3).

[24] 139 S. Ct. at 2336.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 6 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 6 of 14

crime of violence under the force clause" and thus "the federal offense of carjacking is categorically a crime of violence under § 924(c)."[25]

The defendant in *Gutierrez* raised a § 2255 claim nearly identical to the one raised by Mr. Sampo: that his conviction for brandishing a firearm during federal carjacking was invalid because carjacking does not qualify as a crime of violence. The Ninth Circuit rejected that argument by relying on the force clause to find that carjacking is a crime of violence.[26]

Mr. Sampo is not entitled to relief on Claim 2.

**Claim 3:** *Rehaif v. United States* **provides no grounds for vacating the § 924(c) conviction.**

Mr. Sampo maintains that in the § 924(c) count "it is unclear what mens rea is charged, because the count charges that Petitioner acted 'knowingly,' but . . . discharging – a firearm for § 924(c) purposes require no – mens rea."[27] Conversely, Mr. Sampo also appears to claim that the § 924(c) count must be dismissed for failure to allege a mental state:

> Because the grand jury only charged in the indictment that Petitioner violated § 924(c), which is not an . . . . offense without the addition of "knowingly" requirement which applies to all ensuing substantive

---

[25] 876 F.3d 1254, 1256, 1257 (9th Cir. 2017).

[26] 876 F.3d at 1255–56. *See also United States v. White*, Case No. 2:15-cr-00029-GMN-VCF, 2019 WL 2928749 (D. Nev. July 8, 2019) (denying § 2255 claim pursuant to *Gutierrez* because "Petitioner's conviction for Carjacking implicates the force clause, 18 U.S.C. § 924(c)(3)(A), not the unconstitutional residual clause.").

[27] Docket 88 at 13 (ellipsis in original).

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 7 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 7 of 14

elements of 18 U.S.C. § 924(c), the § 924(c) Count of the indictment is insufficient on its face and must now be dismissed.[28]

These claims fail because the Indictment clearly charges that Mr. Sampo "did knowingly discharge, brandish, carry and use a firearm . . . during and in relation to a crime of violence . . . that is, carjacking in violation of 18 U.S.C. § 2119(1)."[29] A mental state of "knowingly" is implied in § 924(c) and was correctly charged in the Indictment.[30]

To the extent Mr. Sampo asserts that "he was not on notice of the crime he was charged with because the U.S. Government did not show 'advanced knowledge' that the . . . firearm would be discharged, in furtherance of a *crime of violence*,"[31] this assertion finds no support in the law or in the facts of this case. As stated, the Indictment clearly charged Mr. Sampo with knowingly discharging and brandishing a firearm in furtherance of a crime of violence, specifically carjacking; Mr. Sampo was thus on notice of the charges against him. The government did not have to prove that Mr. Sampo knew at the time he brandished

---

[28] Docket 88 at 15 (ellipsis in original).

[29] Docket 20 at 2.

[30] *United States v. Barber*, 594 F.2d 1242, 1244 (9th Cir. 1979) ("Although the statute does not expressly mention any mental element in stating the offense, 'knowledge' or 'willfulness,' meaning knowledge of the facts constituting the offense, is ordinarily implied."), *abrogated on other grounds by United States v. Foster*, 133 F.3d 704 (9th Cir. 1998).

[31] Docket 88 at 14 (ellipsis in original, emphasis in original).

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 8 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 8 of 14

and discharged the firearm that federal carjacking legally qualified as a crime of violence.[32]

The recent case *Rehaif v. United States* does not alter the law as it applies to Mr. Sampo. *Rehaif* held that to convict certain categories of defendants for illegally possessing firearms, the government must prove that the defendant had knowledge *of their own personal status*, *e.g.*, that he was a felon, was a fugitive, was an unlawful alien, was dishonorably discharged from the military, or had renounced his U.S. citizenship.[33] The Supreme Court held "that the word 'knowingly' applies both to the defendant's conduct and *to the defendant's status*."[34] *Rehaif* is inapplicable here and does not affect § 924(c).[35] Section 924(c) does not have an element of *personal status*; it has an element of the *legal classification* of the underlying crime. Mr. Sampo does not get relief from this conviction simply because he did not know at the time of the offense that federal carjacking is a crime of violence.

Mr. Sampo is not entitled to relief on Claim 3.

---

[32] *See McFadden v. United States*, 576 U.S. 186, 192 (2015) ("ignorance of the law is typically no defense to criminal prosecution").

[33] 139 S. Ct. 2191, 2194 (2019). *See also* 18 U.S.C. § 922(g) (listing categories).

[34] *Rehaif*, 139 S. Ct. 2191, 2194 (2019) (emphasis added).

[35] *See United States v. Thomas*, Case No. 1:14-CR-00014-DRL, 2019 WL 4942270, at *2 (N.D. Ind. Oct. 8, 2019) (explaining that *Rehaif* does not affect § 924(c) charges because "[t]he 'prohibited status' that required a 'knowing' *mens rea* in *Rehaif* is not at issue with the [§ 924(c)] charges . . . .").

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 9 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 9 of 14

**Claim 4:    Trial counsel was not ineffective for failing to argue that federal carjacking is not a crime of violence.**

Mr. Sampo next claims that trial counsel should have argued that federal carjacking is not a crime of violence because it does not have "level of force" as an element.[36] This claim is related to Claim 2 and fails for the same reason. Prior to Mr. Sampo's case, the Ninth Circuit held that federal carjacking is categorically a crime of violence as defined in the force clause of § 924(c).[37] Federal carjacking is a crime of violence regardless of whether it is committed by "force and violence" or by "intimidation."[38] Trial counsel was not ineffective in not arguing to the contrary.

Mr. Sampo is not entitled to relief on Claim 4.

**Claim 5:    Mr. Sampo was properly prosecuted in federal court.**

Mr. Sampo claims that he should have been prosecuted in Alaska state court—where the penalties are lower—because his conduct violated both state and federal law and no justification for federal prosecution had been shown in his case.[39] Mr. Sampo asserts that the government made an "extreme overreach in

---

[36] Docket 88 at 16.

[37] *Gutierrez*, 876 F.3d at 1256, 1257.

[38] *Id.*

[39] Docket 88 at 18, 20.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 10 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 10 of 14

this case by . . . turning a garden variety robbery into a federal crime" in order to seek a more severe sentence than he would have received in state court.[40]

Mr. Sampo maintains that "[n]othing in the record in the prosecution of . . . Sampo's case, however, explains why the resources of the United States Government were required in this . . . case."[41] Mr. Sampo is incorrect. The government explained to the Court why it elected to prosecute this case:

> What I can say is that [in state court] it would likely have been treated as a robbery and something in the five-year ballpark would—I mean would not have been uncommon. That was my understanding.
>
> So, you know, by taking the case federally, we ensured that he will be spending at least ten years behind bars because there is a mandatory minimum sentence in the federal.
>
> I don't—I don't think that the state sentences necessarily reflect the seriousness of the offense . . . .[42]

The government determined that the offense was serious because Mr. Sampo had "penned" in the victim so that she did not have a place to run, fired a gun "in close proximity to her in a way that was an implicit threat on her life," "drove the car at high speeds through Anchorage, careering [sic] onto the sidewalk, weaving and bobbing around other cars such that yet again Anchorage police had to stop a dangerous driver by ramming him" and finally eluded police on foot and "th[rew]

---

[40] Docket 88 at 22 (ellipsis in original).

[41] Docket 88 at 21 (ellipses in original).

[42] Docket 76 at 11.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 11 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 11 of 14

a loaded handgun."[43] The government's determination that a five-year state sentence would not reflect the seriousness of the crimes was not unreasonable. A decision to prosecute in federal court rather than in state court because of the higher penalties available in federal court does not violate any constitutional provision.[44]

Moreover, Mr. Sampo's claim ignores that fact that he could have been prosecuted in *both* state and federal court for his criminal conduct pursuant to the dual-sovereignty doctrine. It is a well-established that "a federal prosecution is not barred by a prior state prosecution of the same person for the same acts"[45] and that "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute."[46]

Finally, to the extent Mr. Sampo intended to raise a claim of selective prosecution, that claim would also fail. "In order to make out a prima facie case of selective prosecution, [defendants] must show that: 1) others similarly situated were not prosecuted, and 2) the prosecution was based on an impermissible

---

[43] Docket 76 at 8–9.

[44] *Cf. United States v. Batchelder*, 442 U.S. 114, 125 (1979) ("The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause.") (discussing federal prosecutor's authority to elect which federal statue to charge).

[45] *Abbate v. United States*, 359 U.S. 187, 194 (1959).

[46] *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019).

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 12 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 12 of 14

motive."[47] Unless there is "clear evidence to the contrary," it is presumed that federal prosecutors have properly discharged their duties.[48] "A showing that a prosecutor was influenced by the penalties available upon conviction is insufficient, standing alone, to give rise to a selective prosecution claim.[49] Mr. Sampo has not made out a prima facie case of selective prosecution.

Mr. Sampo is not entitled to relief on Claim 5.

## CONCLUSION

For the foregoing reasons, the Court finds that Mr. Sampo has not established that he is entitled to relief on Claims 2, 3, 4, or 5. Therefore, IT IS ORDERED that the Motion to Vacate at Docket 66 is DENIED[50]; IT IS FURTHER ORDERED that Claims 2, 3, 4, and 5 of the Motion to Vacate at Docket 85 are each DENIED. With respect to these claims, the Court further finds that Mr. Sampo has not made the requisite substantial showing of the denial of a constitutional right, and therefore a certificate of appealability will not be issued by this Court.[51] After a final judgment is entered in this case on all claims, Mr.

---

[47] *United States v. Nelson*, 137 F.3d 1094, 1105 (9th Cir. 1998).

[48] *Id.* (citing *United States v. Armstrong*, 517 U.S. 456, 464 (1996)).

[49] *Id.*

[50] The motion at Docket 66 raised two claims: that the holding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), that the residual clause of 18 U.S.C. § 16 was unconstitutionally vague rendered the residual clause of § 924(c)(3) unconstitutionally vague as well, and that carjacking is not a crime of violence. Docket 66 at 6–7. These claims overlap with Claim 2 and fail for the same reason Claim 2 fails.

[51] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 13 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 13 of 14

Sampo may request a certificate of appealability from the Ninth Circuit Court of Appeals.

As to Claim 1, the Court recently held a telephonic scheduling conference and has directed Petitioner to make an offer of proof as to any additional evidence he seeks to present in support of that claim.[52]

DATED this 22nd day of December, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

[52] The minutes of the hearing (Docket 135) did not clearly indicate that any additional evidence shall be solely with respect to Claim 1, but that is the Court's intention and order.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Order Re *Pro Se* 28 U.S.C. § 2255 Claims
Page 14 of 14
Case 3:17-cr-00143-SLG   Document 137   Filed 12/22/20   Page 14 of 14