# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL EUGENE SAMPO, <br><br> Defendant. | Case No. 3:17-cr-00143-SLG |

## NOTICE REGARDING CLAIM 1 OF 28 U.S.C. § 2255 MOTION

Before the Court at Docket 85 is Defendant Michael Eugene Sampo's Amended 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Mr. Sampo filed a memorandum in support of the amended motion at Docket 88. The government opposed the motion at Docket 102 and filed a memorandum in support of its opposition at Docket 103. Mr. Sampo filed a reply at Docket 124. The Court previously issued an order that addressed and denied Mr. Sampo's four *pro se* claims.[1] This order addresses Claim 1, which was certified by counsel.

The Court held an evidentiary hearing on Claim 1 on February 10, 2021.[2] Two witnesses testified: Mr. Sampo and his trial counsel, David Nesbett.

---

[1] Docket 137.

[2] Docket 144 (minute entry).

**I.     Background**

The factual background of this case is set forth in the Court's order at Docket 137.  At all relevant times, Mr. Sampo was represented by attorney David Nesbett.  On February 12, 2018, Mr. Sampo entered guilty pleas to Carjacking and Discharging a Firearm in relation to the Carjacking (18 U.S.C. § 924(c)).[3]  His plea agreement contained a waiver of appeal.[4]  On June 27, 2018, the Court sentenced Mr. Sampo to twelve years imprisonment.[5]  No notice of appeal was filed.

---

[3] Docket 42 (minute entry); Docket 75 (transcript of change of plea hearing).

[4] Docket 39 at 12.  The waiver states:

     The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties—as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes— including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, any fines or restitution.

     By waiving these rights, the defendant understands that the conviction(s) and sentence the Court imposes will be final. No other court will conduct appellate review of the conviction(s) or the sentence.

     The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

     Should the defendant file a notice of appeal in violation in this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

[5] Docket 64 (Judgment).

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 2 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 2 of 19

Mr. Sampo filed a timely 28 U.S.C. § 2255 motion.[6] Later, appointed habeas counsel filed the instant amended § 2255 motion. The amended motion asserts one ground for relief: That trial counsel was ineffective because he "did not inform Mr. Sampo that a notice of appeal [of his conviction and sentence] could be filed within 14 days of judgment despite the appeal waiver provision in the plea agreement."[7]

## II.  Legal standard

In order to succeed on an ineffective assistance of counsel claim, Mr. Sampo must satisfy the two-pronged test set forth in *Strickland v. Washington*, which requires him to show both deficient performance of counsel and resulting prejudice.[8] Deficient performance requires a showing that trial counsel's representation "fell below an objective standard of reasonableness" as measured by prevailing professional norms.[9] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[10] Mr. Sampo carries the burden of proving he is entitled to relief.[11]

---

[6] Docket 66. The government does not contest that Mr. Sampo's motion was timely filed. Docket 471-1 at 2, n. 1.

[7] Docket 85 at 2 (brackets in original).

[8] 466 U.S. 668, 687 (1984).

[9] *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

[10] *Strickland*, 466 U.S. at 689.

[11] *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 3 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 3 of 19

In *Roe v. Flores-Ortega*, the Supreme Court considered the same question that this case presents: "Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?"[12] The Supreme Court set forth the relevant test, in which a court first considers "whether counsel in fact consulted with the defendant about an appeal."[13] In this context, "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."[14] If trial counsel *has* consulted with the defendant about an appeal, he has provided ineffective assistance only if he does not follow the defendant's express instructions regarding an appeal.[15]

However, if trial counsel *has not* consulted with the defendant about an appeal, a court considers "whether counsel's failure to consult with the defendant itself constitutes deficient performance."[16] Counsel's failure to consult with a defendant about an appeal is not always unreasonable or deficient. But "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to

---

[12] 528 U.S. 470, 477 (2000).

[13] *Id.* at 478.

[14] *Id.*

[15] *Id.*

[16] *Id.*

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 4 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 4 of 19

appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[17] A reviewing court "must take into account all the information counsel knew or should have known."[18] The Supreme Court has also stated that

> [a]lthough not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.[19]

To show prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[20] If a defendant makes such a showing, the court presumes prejudice "with no further showing from the defendant of the merits of his underlying claims . . . ."[21]

---

[17] *Id.* at 480.

[18] *Flores-Ortega*, 528 U.S. at 480.

[19] *Id.*

[20] *Id.* at 484.

[21] *Id.*; *see also Garza v. Idaho*, 139 S. Ct. 738, 742 (2019) (holding "that the presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether the defendant has signed

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 5 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 5 of 19

### III. Analysis: Performance of counsel

Many of the underlying facts are not in dispute and are as follows: Within a couple of weeks after sentencing, counsel visited Mr. Sampo in jail at Mr. Sampo's request.[22] It is unclear whether this meeting occurred before or after the deadline to file a notice of appeal.[23] Mr. Sampo asked counsel some questions about whether his crimes were crimes of violence and pointed to some new appellate caselaw.[24] During that jail meeting, counsel and Mr. Sampo did not discuss an appeal, the waiver of appeal, or the timeframe for filing an appeal.[25] On July 18, 2018, after the deadline to file a notice of appeal had passed, counsel sent Mr. Sampo a letter responding to his questions and discussing the caselaw.[26] The letter concludes that "[t]here is no legal basis to appeal or seek to modify your conviction in this case based on these cases."[27]

---

an appeal waiver").

[22] Docket 86 at 1, ¶ 4; Docket 146 at 5, 33–34.

[23] Mr. Sampo testified that he called Mr. Nesbett to request the meeting "at the very end of June or the beginning of July." Docket 146 at 25.

[24] Docket 85-1 at 1.

[25] Docket 146 at 7.

[26] Docket 146 at 7–8, 15–16; Docket 85-1 (copy of letter).

[27] Docket 85-1 at 1. Mr. Sampo testified that he never received the letter due to being transferred to a different state correctional facility or to federal prison. Docket 146 at 27–28, 35.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 6 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 6 of 19

Having considered each parties' filings, the admitted exhibits, the relevant transcripts, and the testimony presented at the evidentiary hearing, the Court now makes the following findings of fact and conclusions of law:

### A. Mr. Sampo did not expressly request that counsel file a notice of appeal.

Counsel's affidavit averred that Mr. Sampo "did not ask me to file a Notice of Appeal on his behalf."[28] Counsel testified that Mr. Sampo never asked him to pursue an appeal through any of the appeal waiver exceptions and never expressly instructed him to file a notice of appeal.[29] Mr. Sampo agreed in his testimony that he never instructed counsel to file a notice of appeal.[30]

The Court finds the testimony from both Mr. Sampo and Mr. Nesbett on this point to be credible and finds that at no point did Mr. Sampo request that counsel file a notice of appeal or expressly state that he wanted to appeal. Because Mr. Sampo gave no express instructions regarding filing or not filing a notice of appeal, this case falls under *Flores-Ortega*, and the Court next considers whether counsel "in fact consulted" with Mr. Sampo about an appeal.

---

[28] Docket 86 at 1, ¶ 6.

[29] Docket 146 at 14, 22.

[30] Docket 146 at 37.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 7 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 7 of 19

### B. Counsel did not adequately consult with Mr. Sampo about an appeal.

Counsel testified that he reviewed the appeal waiver—and the exceptions to the appeal waiver—with Mr. Sampo as part of his standard review of a plea agreement with a criminal defendant client.[31] Specifically, counsel testified that prior to Mr. Sampo entering a guilty plea, they reviewed what Mr. Sampo's appellate rights were, what those rights meant, and that Mr. Sampo was waiving those appellate rights.[32] Although counsel did not recall having a specific conversation with Mr. Sampo about appellate rights, he did recall going over the plea agreement, which included the waiver of appellate rights.[33] Notably, counsel testified that he did not ever discuss with Mr. Sampo that he could still file a notice of appeal despite the appeal waiver in the plea agreement[34]; and he testified that during the post-sentencing jail meeting he did not discuss the 14-day timeframe to file a notice of appeal.[35]

Mr. Sampo testified that counsel gave him information about appeals when they reviewed the plea agreement, but that information was limited to the fact

---

[31] Docket 146 at 13–14.

[32] Docket 146 at 21.

[33] Docket 146 at 18–20.

[34] Docket 146 at 10–11.

[35] Docket 146 at 5–6.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 8 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 8 of 19

that he was waiving his right to appeal.[36] Mr. Sampo testified that counsel never told him that "despite the waiver, a notice of appeal could be filed."[37] Mr. Sampo testified that counsel did not tell him that a notice of appeal had to be filed within 14 days of sentencing and that he (Mr. Sampo) did not know at that time that a notice of appeal could be filed despite the waiver.[38]

The Court finds that counsel reviewed Mr. Sampo's appellate rights, the appeal waiver, and the exceptions to the appeal waiver with Mr. Sampo prior to Mr. Sampo entering his guilty pleas. However, the Court also finds that counsel did not inform Mr. Sampo that he could file a notice of appeal despite the appeal waiver and did not inform him that a notice of appeal had to be filed within 14 days of sentencing, particularly after sentencing.[39] The issue is whether this constitutes a failure to consult regarding an appeal. As defined by the Supreme Court, "consult" means "advising the defendant about the advantages and

---

[36] Docket 146 at 26 ("The only information that I had about appealing was what Mr. Nesbett went over with me when we did my plea agreement.").

[37] Docket 146 at 26, 27.

[38] Docket 146 at 29, 38.

[39] Some courts have interpreted *Flores-Ortega* to indicate that consultation about an appeal should occur after sentencing. *See United States v. Witherspoon*, 231 F.3d 923, 927 & n.4 (4th Cir. 2000). This Court does not adopt that broad reading in the context of this case but finds that the relevant time period for considering whether consultation occurred is after sentencing, when Mr. Sampo raised the issue of new caselaw.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 9 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 9 of 19

disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."[40]

A Florida district court case, *Crew v. United States*, is instructive. Like Mr. Sampo, the defendant in *Crew* did not expressly request that counsel file a notice of appeal.[41] After sentencing, defense counsel wrote the defendant a letter stating the 14-day deadline to file a notice of appeal and instructing the defendant to contact counsel by a certain date if he wished a notice of appeal to be filed.[42] The defendant then sent counsel a letter asking certain questions about his case and sentence but not expressly requesting an appeal; counsel did not respond to the letter and did not file a notice of appeal.[43] The district court determined that counsel's letter "merely advises Crew he has 14 days from the entry of judgment to file a notice of appeal, and to contact counsel if he wishes to do so. The letter does not discuss the advantages or disadvantages of taking an appeal, nor does the letter advise Crew that he has the right to take an appeal."[44] The district court concluded that "the letter in and of itself does not satisfy the meaning of 'consultation' as understood by *Flores-Ortega* and [Eleventh Circuit

---

[40] *Flores-Ortega*, 528 U.S. at 478.

[41] Case No. 3:18-cv-1400-J-39MCR, 2019 WL 414879, at *4 (M.D. Florida Feb. 1, 2019).

[42] *Id.* at *3.

[43] *Id.*

[44] *Id.* at *4.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 10 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 10 of 19

precedent]" and that counsel had not consulted the defendant about an appeal at another time; accordingly, counsel had not adequately consulted the defendant about an appeal.[45]

Similarly, here Mr. Sampo notified trial counsel after sentencing that he had questions about his convictions and the mandatory minimum sentence. Counsel did not at that time, nor at any other time, notify Mr. Sampo that he could file a notice of appeal despite the appeal waiver and that he had 14 days to do so from sentencing. Nor did counsel advise Mr. Sampo about the advantages and disadvantages of an appeal or make a reasonable effort to determine whether Mr. Sampo wished to pursue an appeal at that time.[46]

However, a failure to adequately consult with a defendant about an appeal is not necessarily a deficient performance of counsel. Counsel only has an obligation to consult with a defendant if "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[47] And yet the Supreme Court anticipated that under this analysis, "courts evaluating the

---

[45] *Id.* The district court granted the § 2255 motion "to the extent that Crew may pursue an out-of-time appeal." *Id.* at 6.

[46] *See Flores-Ortega*, 528 U.S. at 478.

[47] *Flores-Ortega*, 528 U.S. at 479, 480. Counsel for Mr. Sampo did not address this prong of the *Flores-Ortega* test at the evidentiary hearing, instead only arguing that Mr. Nesbett had not consulted with Mr. Sampo as to an appeal. Docket 143 at 42–45.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 11 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 11 of 19

reasonableness of counsel's performance . . . will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal."[48]

### C. Counsel did not have reason to think that a rational defendant would want to appeal.

Review of the non-exhaustive list of factors in *Flores-Ortega* supports the conclusion that trial counsel did not have reason to think that a rational defendant would want to appeal. First, the "highly relevant factor" is that Mr. Sampo entered a guilty plea, because the appeal waiver in his plea agreement "reduce[d] the scope of potentially appealable issues" and because the plea "indicate[d] that the defendant seeks an end to judicial proceedings."[49] Second, Mr. Sampo received a more favorable sentence than he anticipated, which was considerably below the Guidelines range.[50] Third, counsel had determined that there was no non-frivolous basis to appeal in Mr. Sampo's case.[51]

The Court finds that in light of Mr. Sampo's guilty plea, the appeal waiver, and the favorable sentence Mr. Sampo received, a rational defendant would not have desired an appeal and counsel had no reason to think as much.[52]

---

[48] *Flores-Ortega*, 528 U.S. at 481.

[49] *Id.* at 480.

[50] Docket 146 at 30; Docket 65 (sealed Statement of Reasons).

[51] Docket 146 at 22; Docket 85-1 at 1 ("There is no legal basis to appeal or seek to modify your conviction in this case based on these cases.").

[52] *See Devine v. United States*, 520 F.3d 1286, 1288 (11th Cir. 2008) (finding that a rational defendant would not want to appeal because there were no nonfrivolous grounds for appeal, the defendant had pleaded guilty, the plea appeared to be valid, the plea included an appeal

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 12 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 12 of 19

### D. Counsel had information that Mr. Sampo had reasonably demonstrated that he was interested in appealing.

Counsel testified that he "never got the impression from [Mr. Sampo] that he wanted to appeal the case."[53] Counsel testified that he and Mr. Sampo had "lengthy discussions" and that had Mr. Sampo "been interested in an appeal, that would have come up at some time during all of the hours that we were talking about this case together."[54] Counsel also testified that Mr. Sampo never "reasonably demonstrate[d] to [him] an interest in appealing.[55]

Mr. Sampo himself acknowledged that at least prior to sentencing, he "did not show any interest of appealing because I took responsibility for my actions and there was nothing to argue."[56] Mr. Sampo testified that after his sentencing he did not know whether he could file a notice of appeal and wanted to speak with counsel "so we could figure out what my avenues of relief would be."[57] Mr.

---

waiver, and the sentence imposed was at the bottom of the calculated Guidelines range).

[53] Docket 146 at 17.

[54] Docket 146 at 20.

[55] Docket 146 at 22. Counsel testified that he likely was not familiar with *Flores-Ortega* at the time he represented Mr. Sampo, and it did not occur to him to discuss an appeal with Mr. Sampo after sentencing. Counsel indicated that he was more focused on the appeal waiver and the fact that filing a notice of appeal could be a breach of the plea agreement. Docket 146 at 7, 10.

[56] Docket 146 at 38.

[57] Docket 146 at 25. The Court acknowledges that it may have contributed to Mr. Sampo's lack of understanding regarding his ability to file a notice of appeal despite the waiver. At Mr. Sampo's change of plea hearing, the Court informed him that "[y]ou also waive your right to appeal in this case, and that means that if you're dissatisfied with the result, for any reason, you can't appeal and ask another court to under the decisions in this Court." Docket 75 at 10–11. At Mr. Sampo's sentencing, the Court informed him that "you waived your right to appeal

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 13 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 13 of 19

Sampo testified that after sentencing he found the new caselaw, and that he did not know how to "go about using those cases to help get relief by resentencing" and needed counsel's assistance.[58]

The Fifth Circuit has found that a defendant can reasonably demonstrate an interest in appealing by an "ample demonstration of . . . interest in doing something to change the outcome of his sentencing through additional proceedings."[59] The First Circuit has summarized what qualifies as a defendant "reasonably demonstrating an interest in appealing":

> [T]he weight of authority [is] that a defendant must have done more than merely express his displeasure at sentencing. Instead, the defendant must have said something to his counsel indicating that he had an interest in appealing. A duty to consult arises, for example, when ... a defendant who received consecutive sentences

---

so long as the sentence was within the range authorized by Congress, which this [sentence] is, so you don't have a right to appeal." Docket 76 at 26.

The Supreme Court has stated that counsel might reasonably decide not to inform a defendant of their appellate rights when "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult." *Flores-Ortega*, 528 U.S. at 479–80. Here, this Court's instructions could have been misleading as they did not acknowledge that the waiver of appeal was not an absolute bar to filing a notice of appeal.

[58] Docket 146 at 25–26; *accord* Docket 33–34. Mr. Sampo also testified that despite not receiving counsel's letter, he never contacted him again until he was filing his § 2255 action. Docket 146 at 35–36. This testimony weighs in both directions. On the one hand, it seems to weaken Mr. Sampo's purported interest in appealing his case because he did not actively pursue information from counsel. On the other hand, it supports Mr. Sampo's testimony that he did not know what procedures to follow in order to file a notice of appeal and instead thought his only option was to file a § 2255 motion.

[59] *United States v. Cong Van Pham*, 722 F.3d 320, 325 (5th Cir. 2013) (finding that an upset defendant who "brought up that he was concerned about getting 60 months and wanted to do something to get less time" had amply demonstrated his interest in an appeal).

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 14 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 14 of 19

asked "about having time run together" or when a defendant asked after sentencing "what's next? What can we do now?"[60]

Here, Mr. Sampo made it sufficiently clear that he sought a chance to change the sentence that had been imposed and was interested in whatever relief he could get based on the caselaw he identified to counsel after sentencing. He did more than just express his displeasure at the sentence; he called his counsel and requested a meeting, then identified caselaw to counsel that he hoped would negate his § 924(c) conviction and sentence. Counsel knew that Mr. Sampo requested the jail visit after sentencing "to discuss a couple of cases that he had questions on."[61] The cases related to whether carjacking was a crime of violence; if the caselaw applied to Mr. Sampo's case, it could have negated the § 924(c) conviction and the mandatory minimum sentence.[62]

Moreover, in the letter counsel sent Mr. Sampo after meeting with him after sentencing, counsel opined that "[t]here is no legal basis to appeal . . . based on these cases."[63] The Court reads this as indicating that counsel considered the cases and issues raised by Mr. Sampo to be related to a possible appeal. The Court finds that Mr. Sampo's expression of an interest in pursuing a change in

---

[60] *Rojas-Medina v. United States*, 924 F.3d 9, 17 (1st Cir. 2019) (internal quotations and citations omitted) (collecting cases from the Fourth, Fifth, Ninth, and Eleventh Circuits).

[61] Docket 146 at 5; *accord* Docket 146 at 33 ("I called him and asked him to come see me because I became aware of some cases and I would like to talk with him about it.").

[62] Docket 146 at 34; Docket 85-1 at 1 (letter discussing cases raised by Mr. Sampo).

[63] Docket 85-1 at 1.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 15 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 15 of 19

his sentence shortly after sentencing was less than clear. However, "it is part of [counsel's] duty to recognize when, however inartfully or inarticulately, his client demonstrates an interest in an appeal."[64] The Court finds that counsel had information that Mr. Sampo had reasonably demonstrated that he was interested in appealing. Thus, pursuant to the standard set out in *Flores-Ortega*, counsel in this case had an affirmative duty to consult further with Mr. Sampo about whether he wanted to pursue an appeal.

## IV. Analysis: Prejudice

To show prejudice, Mr. Sampo "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[65] If Mr. Sampo made such a showing, the Court presumes prejudice "with no further showing from the defendant of the merits of his underlying claims . . . ."[66]

The Court finds credible Mr. Sampo's testimony that "if [he] had known that [he] could have filed a notice of appeal, [he] would have would have asked [Mr. Nesbett]" to file a notice.[67] This finding is supported by Mr. Sampo's *pro se* §

---

[64] *United States v. Cong Van Pham*, 722 F.3d 320, 325 (5th Cir. 2013)

[65] *Flores-Ortega*, 528 U.S. at 484.

[66] *Flores-Ortega*, 528 U.S. at 484; *see also Garza v. Idaho*, 139 S.Ct. 738, 742 (2019) (holding "that the presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether the defendant has signed an appeal waiver").

[67] Docket 146 at 28; *accord* Docket 146 at 38–39 ("If I would have known that was the exact procedure for me to use those cases that I found to file a notice of appeal, I would have told

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 16 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 16 of 19

2255 motion, filed approximately six months after his sentencing, which raised similar issues regarding whether carjacking was a crime of violence.[68] The Court finds that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, Mr. Sampo would have timely filed a notice of appeal. The Court does not consider the merits of Mr. Sampo's possible appellate arguments.[69]

## CONCLUSION

For the foregoing reasons, the Court finds that Mr. Sampo has established that he is entitled to relief on Claim 1. Typically, the Court would immediately order that Claim 1 of the Motion to Vacate at Docket 85 be granted and direct the Clerk of Court to vacate and reenter the judgment filed at Docket 64 from which Mr. Sampo could then timely appeal.[70] However, for the following reasons the

---

him to file a notice of appeal.").

[68] *See* Docket 66.

[69] *Campusano v. United States*, 442 F.3d 770, 777 (2d Cir. 2006) ("There will not be many cases in which a defendant whose attorney fails to file a notice of appeal after a plea agreement and a waiver of appeal, and whose hypothetical appeal seems meritless during ineffective-assistance habeas review, eventually prevails. But rare as they might be, such cases are not inconceivable, and we do not cut corners when Sixth Amendment rights are at stake. A defendant who executes a waiver may sign away the right to appeal, but he or she does not sign away the right to the effective assistance of counsel.").

[70] *See United States v. Fabian-Baltazar*, 931 F.3d 1216, 1218 (9th Cir. 2019) (quoting *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005) (stating that remedy is delayed appeal; the district court should "vacate and reenter the judgment, allowing the appeal to proceed").

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 17 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 17 of 19

Court will allow Mr. Sampo time to consult with counsel before the Court grants the motion and vacates and reenters the judgment.

Mr. Sampo's plea agreement states that if his plea or sentence is ever withdrawn, *vacated*, reversed, set aside, or modified, in any proceeding for any reason, the government may prosecute him "on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement."[71] In this case, the government could seek to prosecute on Count 3—which was dismissed as part of the plea agreement and charged Mr. Sampo with being a felon in possession pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—and which carries up to a 10-year sentence.[72]

Also, Mr. Sampo's plea agreement states that if he files a notice of appeal, "it will constitute a material breach of the agreement" and the government "is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e)."[73] Thus, if the Court enters an order vacating and reentering the judgment and Mr. Sampo then files a notice of appeal, Mr. Sampo would have breached the plea agreement.

---

[71] Docket 39 at 10.

[72] Docket 20 (Indictment); Docket 39 (Plea Agreement).

[73] Docket 39 at 12.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 18 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 18 of 19

It is also unlikely that the Court of Appeals will hear Mr. Sampo's appeal due to the appeal waiver in the plea agreement, unless Mr. Sampo can establish that the waiver is invalid.[74] Here, the government recommended a sentence considerably below the calculated Guidelines range.[75] However, if this Court vacates and reenters the judgment, and Mr. Sampo prevails on an appeal such that there is a resentencing, the terms of the plea agreement provide that the government will no longer be bound by its prior recommendation.[76]

Accordingly, the Court will defer the entry of an order granting the motion to vacate and entering an amended judgment until no sooner than **14 days from the date of this order**. Prior to that date, counsel shall consult with Mr. Sampo and give notice whether he desires the Court to issue an order causing the judgment to be vacated and reentered.

DATED this 11th day of March, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[74] *See, e.g.*, *United States v. Bibler*, 495 F.3d 621, 624–25 (9th Cir. 2007) ("The waiver is enforceable if appellant knowingly and voluntarily waives her rights and the language of the waiver covers the grounds raised on appeal."). In numerous unpublished dispositions, the Ninth Circuit has summarily dismissed appeals where the plea agreement had a valid waiver. *See, e.g.*, *United States v. Allen*, 828 Fed. Appx. 428 (9th Cir. 2020); *United States v. Mares Garcia*, 825 Fed. Appx. 513 (9th Cir. 2020); *United States v. Lozano*, 808 Fed. Appx. 577 (9th Cir. 2020); *United States v. Moore*, 808 Fed. Appx. 480 (9th Cir. 2020).

[75] *See, e.g.*, Docket 57 at 5; Docket 76 at 18–19.

[76] Mr. Sampo's § 2255 motion specifically asserts that, as a remedy, "the judgment should be vacated and reentered to permit Mr. Sampo to file a notice of direct appeal." Docket 85 at 5.

Case No. 3:17-cr-00143-SLG, *United States v. Sampo*
Notice Re Claim 1 of 28 U.S.C. § 2255 Motion
Page 19 of 19
Case 3:17-cr-00143-SLG   Document 147   Filed 03/11/21   Page 19 of 19